UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD DOVER,

    Petitioner,                                   Criminal Case No. 08-20419
                                              Civil Case No. 11-14248

v.

                                              HON. SEAN F. COX
UNITED STATES OF AMERICA,       United States District Judge

    Respondent,
_____/

## OPINION & ORDER DENYING PETITIONER'S MOTION TO VACATE SENTENCE

On December 4, 2009, Petitioner Donald Dover ("Petitioner") pleaded guilty to one count of Conspiracy to Commit Bank Fraud, pursuant to the terms of a Rule 11 Plea Agreement. On July 30, 2010, the Court sentenced Petitioner to 115 months imprisonment. The matter is currently before the Court on Petitioner's motion to vacate and set aside his sentence pursuant to 28 U.S.C. § 2555, and the Government's motion to dismiss Petitioner's motion to vacate sentence. Petitioner argues that his sentence should be vacated because he was not mentally competent to knowingly and voluntarily enter a guilty plea. Because Petitioner has not directed the Court to any evidence that indicates the Court had information at the time of the plea hearing sufficient to raise doubts as to Petitioner's competence, Petitioner's motion shall be **DENIED** and the Government's motion shall be **GRANTED**.

### BACKGROUND

On August 6, 2008, Petitioner was charged with conspiracy to commit bank fraud and bank fraud. Petitioner was initially represented by Attorney Anthony Chambers, but on October

1

7, 2008, Chambers moved to withdraw. (Doc. No. 45). On October 28, 2008, Attorney Richard D. Korn was appointed to represent Petitioner. (Doc. No. 60).

On May 6, 2009, a First-Superseding Indictment was returned against Petitioner, but the nature of the charges against Petitioner did not change. (Doc. No. 93).

On May 29, 2009, Mr. Korn filed a motion requesting that an additional attorney be appointed to represent Petitioner due to the complex nature of the case. (Doc. No. 105). On July 15, 2009, Attorney Douglas Mullkoff was appointed as co-counsel to represent Petitioner. (Doc. No. 109).

At the plea hearing, the Court, the Government, and Petitioner's counsel acknowledged that petitioner was competent to enter a guilty plea. (Doc. No. 174: Guilty Plea 12/4/09 TR. at 23-24). The Court determined that Petitioner had thoroughly reviewed the plea agreement with his counsel. (*Id.*). The Court also asked Petitioner whether he had any questions about anything in the plea agreement, to which Petitioner responded, "No." (*Id.*). Petitioner further affirmed that he had a chance to review the entire plea agreement with his counsel, ask any and all questions he had, and was satisfied with his counsel's advice and assistance. (*Id.* at 13-15). Petitioner testified that there was nothing in the plea agreement that he did not understand. Petitioner also stated that he had discussed the nature of the charges, the sentencing consequences, and how the sentencing commission guidelines might apply to his case with his counsel. (*Id.* at 13, 35).

On December 4, 2009, Petitioner pleaded guilty to Count 1 of the First Superseding Indictment, Conspiracy to Commit Bank Fraud, pursuant to the terms of a Rule 11 Plea Agreement. (Doc. No. 11). At the plea hearing, Petitioner stated under oath that he knowingly organized a plan with others to purchase real estate and obtain mortgages by submitting false

2

documentation to financial institutions. He also acknowledged that the intent of the conspiracy was to defraud the financial institutions. (Doc. No. 174: Guilty Plea 12/4/09 TR. at 30-32). The Court then determined that Petitioner's guilty plea was "knowingly, freely, and voluntarily made" and that the elements of the offense were made out by Petitioner's statements in open court. (*Id.* at 33).

On July 30, 2010, the Court sentenced Petitioner to a term of imprisonment of 115 months. (Doc. No. 192: Sentencing TR. 7/30/10 at 26, 34-35). The Court advised Petitioner of his limited right to appeal and Petitioner again affirmed that he had executed a waiver of appeal and post-conviction review in the Rule 11 Plea Agreement. (*Id.* at 41-43).

On August 1, 2010, Petitioner filed a notice of appeal, challenging the reasonableness of the length of his sentence. (Doc. No. 185). In his appeal, Petitioner argued that the District Court failed to address the impact of Petitioner's anticipated cooperation in violation of the Rule 11 Plea Agreement, but made no claim that he did not understand the plea agreement or that the plea agreement was not knowingly or voluntarily entered. (Doc. No. 196).

On March 25, 2011, the Sixth Circuit Court of Appeals dismissed Petitioner's appeal. (*Id.*).

On September 27, 2011, Petitioner filed the instant motion pursuant to 28 U.S.C. § 2255. (Doc. No. 200). The Government filed its motion to dismiss Petitioner's motion on November 28, 2011. (Doc. No. 220).

## LEGAL STANDARD

Petitioner brings his motion pursuant to 28 U.S.C. § 2255, which provides in pertinent part:

3

> (b) *Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto*. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.
>
> (c) A court may entertain and determine such motion without requiring the production of the prisoner at the hearing.

28 U.S.C. § 2255 (emphasis added).

To prevail on a § 2255 motion, "a petitioner must demonstrate the existence of an error of constitutional magnitude which has a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (internal citation omitted). Non-constitutional errors are generally outside the scope of § 2255 relief. *See United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing "a fundamental defect which inherently results in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 175 F.3d 486, 488 (6th Cir. 1999) (internal citation omitted).

## ANALYSIS

In his § 2255 motion and in his reply to the Government's response, Petitioner asserts three claims: 1) Petitioner's guilty plea was not voluntarily, knowingly, and intelligently made;

2) Petitioner is innocent as to the charges of Bank Fraud and Conspiracy to Commit Bank Fraud; and 3) Petitioner was provided ineffective assistance of counsel. Essentially, Petitioner's three claims center around the issue of his competency to enter a guilty verdict. Petitioner argues that because of his mental disorders, including but not limited to bipolar disorder and ADHA (Adult), Petitioner was not mentally competent to enter a guilty plea. Petitioner further asserts that these mental disorders prevented Petitioner from "knowingly" committing Bank Fraud and Conspiracy to Commit Bank Fraud, and therefore he contends that he is innocent. Finally, Petitioner argues that he received ineffective assistance of counsel because his attorneys "failed to investigate the extent and impact of [Petitioner's] mental diseases and defects." (Pet'r Br. at 31).

## I. Petitioner Was Competent to Enter a Guilty Plea

Petitioner was competent to enter a guilty plea because he has not directed the Court to any evidence that indicates the Court had information at the time of the plea hearing sufficient to raise doubts as to Petitioner's competency. The test for determining whether a defendant is competent to enter a guilty plea is the same test that is used to determine whether a defendant is competent to stand trial. *Williams v. Borden Kircher*, 696 F.2d 464, 466 (6th Cir. 1983). A court must conduct a competency hearing when there is information known to the court at the time of plea hearing sufficient to raise doubts about a defendant's competency, even if a defendant waived his right to appeal under a Rule 11 Plea Agreement. *See Pate v. Robinson*, 383 U.S. 375 (1966); *United States v. White*, 887 F.3d 705, 709 (6th Cir. 1989) (finding that district courts have a duty to inquire into a defendant's competency when there is "reasonable cause" to believe that the defendant is incompetent to stand trial).

Although the Sixth Circuit has not specifically addressed the issue of competency in the context of § 2255 motions, other circuits have looked to cases brought under § 2254 (habeas corpus review) for guidance on this issue. *See United States v. Bendolph*, 409 F.3d 155, 163 (3d Cir. 2005) ("[T]o provide guidance to the district courts, as well as to avoid confusion, we . . . should treat § 2255 motions and § 2254 petitions the same absent sound reason to do otherwise."); *Miller v. N.J. Dep't of Corr.*, 145 F.3d 616, 619 n.1 (3d Cir. 1998) ("[W]e have followed the practice, whenever we decide an AEDPA issue that arises under § 2254 and the same holding would analytically be required in a case arising under § 2255, or vice versa, of so informing the district courts.").

A defendant is competent if he "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960). In determining a defendant's competence, courts consider several factors such as "evidence of a defendant's irrational behavior, [the defendant's] demeanor at trial, and any prior medical opinion on competence to stand trial." *United States v. Miller*, 531 F.3d 340, 348 (6th Cir. 2008) (quoting *Drope v. Missouri*, 420 U.S. 162, 180 (1975)). A court's determination of competency is a factual finding entitled to a presumption of correctness, and can only be refuted by clear and convincing evidence. *See Mackey v. Dutton*, 217 F.3d 399, 413 (6th Cir.2000), cert. denied, 531 U.S. 1087 (2001).

In the case at hand, Petitioner contends that in 1993, he was diagnosed with, and continues to suffer from: 1) bipolar disorder; 2) ADHA (Adult); 3) personality disorder; 4) adjustment disorder; 5) Schizoaffective disorder; and 6) Organic Brain defects. (Pet'r Br. at 4).

Petitioner admits that he was inconsistent in keeping appointment sessions for his mental issues, that he "didn't really work much on his issues," and that he blamed his actions on his family members and symptoms. (*Id.* at 8). Petitioner claims that when he does not take his prescribed medication daily, he suffers from "mania, depression, irrational decision making, clouded judgment and distorted reality." (*Id.* at 9). Petitioner also claims that during his legal proceedings, he infrequently took his medication or attended his counseling sessions. (*Id.*). Finally, Petitioner asserts that his lawyer, Mr. Korn, noted to the Court that Petitioner's mental illness should be considered during sentencing. (*Id.* at 14).

Even if Petitioner's claims and rendition of the facts of the case were true, Petitioner's argument still fails because Petitioner has failed to establish that his mental illness prevented him from having a rational and factual understanding of the nature of the proceedings against him. The initial questions the Court asked Petitioner ("Defendant" in the transcript) dealt directly with Petitioner's ability to enter a knowing plea:

> The Court:        First, I'm going to ask you some background
>                   questions to assure you're competent to enter a plea
>                   at this time.
>                   How old are you?
> The Defendant:    50
> The Court:        How far did you go in school?
> The Defendant:    College
> The Court:        Okay. Did you finish college?
> The Defendant:    No.
> The Court:        Okay. And, obviously, next question I have to ask
>                   you do you read, write, understand the English
>                   language?
> The Defendant:    Yes.
> The Court:        Are you now under the influence of any medication,
>                   alcohol or drugs, alcoholic beverages?
> The Defendant:    Say that again?

> The Court: Are you now under the influence of any medication drugs or alcoholic beverages?
> The Defendant: No.
> The Court: Mr. Korn, do you believe Mr. Dover's capable of entering a knowing plea?
> Mr. Koelzer: I do, Your Honor.
> The Court: Ms. Abraham?
> Ms. Abraham: Yes, Your Honor.
> The Court: This Court, therefore, finds that Mr. Dover is capable of entering a knowing plea.

(Doc. No. 174: Guilty Plea 12/4/09 TR. at 5-6)

The Court was satisfied with Petitioner's answers and found that Petitioner was capable of entering a knowing plea. As established by *Mackey*, a court's determination of competency is entitled to a presumption of correctness, and can only be refuted by clear and convincing evidence, *see Mackey*, 217 F.3d at 413, and thus, the Court's determination of Petitioner's competency is presumed to be correct.

Petitioner also acknowledged his understanding of the proceedings against him and his ability to discuss the charges against him with his lawyer during the plea hearing. The Court asked Petitioner if he discussed the charges against him with his attorney, and Petitioner answered, "Yes, I have." (Doc. No. 174: Guilty Plea 12/4/09 TR. at 13). The Court also asked Petitioner whether he had any questions about the charges, and Petitioner responded, "No." (*Id.*). Petitioner also acknowledged that Korn answered all of the questions that Petitioner had about the sentencing consequences of the charges against him. (*Id.* at 14-15).

Furthermore, after reading the Rule 11 summary of the facts and charges against Petitioner, the Court asked Petitioner if everything that was just read was true and accurate, and Petitioner responded, "Yes." (*Id.* at 21-22).

There are additional instances from Petitioner's plea hearing that indicate Petitioner was competent to stand trial. The most telling exchange that establishes Petitioner had a rational and factual understanding of the proceedings against him occurred when the Court directly asked Petitioner why he is pleading guilty:

> The Court: Are you pleading guilty freely and voluntarily to Count One because you are guilty and it is your choice to plead guilty?
>
> The Defendant: Yes.
>
> The Court: Mr. Dover, what is it that you did which makes you believe that you are guilty under Count One of the First Superseding Indictment of bank fraud conspiracy?
>
> The Defendant: I guess I would have to say I organized the plan, put everything together.
>
> The Court: Tell me what you did. We're in no rush. Tell me what you did.
>
> The Defendant: Like as far as – as far as, like, with my brother, Richard Townsend, I instructed Richard –
>
> The Court: You said you organized and planned the whole thing, the whole conspiracy.
>       Well, tell me how you organized the conspiracy and what you did or what the conspiracy did.
>
> The Defendant: We put together a straw buyer or buyers to buy real estate property. And put their financials together and submitted them to the mortgage company for their approval. And I mean – that's enough.
>
> The Court: And did you intend to defraud these mortgage companies?
>
> The Defendant: Well, from my understanding, whenever you buy real estate with fraudulent documentation, you are defrauding those companies.
>
> The Court: Maybe I missed something.
>       Are you telling me your organization, your conspiracy, that you submitted

>       fraudulent documentation to obtain mortgages for
>       certain properties; is that correct?
> The Defendant:    Exactly.
> The Court:   You used straw men.
> The Defendant:    Exactly.
> The Court:   What properties were involved? At what banks or
>       institutions were involved?
> The Defendant:    Washington Mutual, Comerica, Fifth Third
>       Bank. E-Loans, Encore Mortgage, that's
>       about those are the ones that come to mind.

(Doc. No. 174: Guilty Plea 12/4/09 TR. at 29-31)

The Court went on to ask Petitioner to name specific properties that were involved in the conspiracy to defraud the banks, and Petitioner responded with several addresses. (*Id.* at 32). Petitioner also went on to explain who the other conspirators were, when the conspiracy began, and where the fraud actually took place. (*Id.*). The Court ultimately declared, "This Court finds that [Petitioner's] plea is knowingly, freely, voluntarily made, the elements of the offense of bank fraud conspiracy under Count One of the indictment have been made out by statements here in open court." (*Id.* at 33).

Petitioner clearly had a rational and factual understanding of the proceedings against him because he was able to explain exactly what his crime was. Petitioner not only acknowledged that the facts as read by the Court were true and accurate, but Petitioner also went on to explain specifics about the conspiracy. Petitioner explained how he was the head of the conspiracy, how his brother was involved, and what specific companies and properties were involved in the fraud conspiracy. Petitioner also explained how he set up "straw buyers" to buy real estate property, demonstrating that Petitioner understood how to actually commit bank fraud. (*Id.*). Petitioner also acknowledged that purchasing real estate with fraudulent documentation constitutes fraud,

demonstrating that he understood the nature of his crimes and had an appreciation for the consequences of his actions. (*Id.* at 31).

Additionally, Petitioner claims that he has been suffering from mental illness since 1993, but he fails to mention that he was found competent to enter a guilty plea in a criminal matter in 1997. *See United States v. Dover*, 1:96-cr-00210. Petitioner also failed to raise the issue of his competency at the time of the proceedings and on direct appeal. Petitioner only now asserts that he was not competent to enter a guilty plea, 21 months after entering a guilty plea.

Ultimately, there is overwhelming evidence from the plea hearing that establishes Petitioner had a factual and rational understanding of the proceedings against him. Petitioner obviously understood why he was pleading guilty. Even if Petitioner was suffering from a mental illness at the time of pleading, Petitioner has failed to demonstrate how this mental illness prevented him from understanding the nature of the charges against him and rendered him incompetent. Petitioner has not directed the Court to any evidence that indicates the Court had information at the time of the plea hearing sufficient to raise doubts as to Petitioner's competence. Therefore, Petitioner has not produced evidence to refute the Court's presumption of competency.

## II. Petitioner Has Failed to Establish His Innocence

Next, Petitioner contends that he is innocent of the charged crimes. Petitioner asserts that he was mentally incompetent during the conspiracy to commit bank fraud, and thus he did not knowingly nor voluntarily join in the conspiracy. Petitioner asserts that during the time of the conspiracy, he was able to appreciate the criminality of his acts, but that he was unable to conform his conduct to the requirements of the law. (Pet'r Br. at 28).

11

Petitioner's claim of innocence has no factual basis because he has failed to demonstrate that his mental illness rendered him unable to knowingly and voluntarily enter into a conspiracy to commit bank fraud. During his plea hearing, Petitioner stated, "from my understanding, whenever you buy real estate with fraudulent documentation, you are defrauding those companies." (Doc. No. 174: Guilty Plea 12/4/09 TR. at 30-31). This clearly indicates that Petitioner understood the nature, quality, and wrongfulness of his acts because it demonstrates that Petitioner knew he was engaged in fraud. Petitioner has merely asserted that he suffers from a mental illness, and he fails to establish exactly how that mental illness prevents him from conforming his actions with the law.

Additionally, Petitioner cannot challenge his guilt because by executing the Rule 11 Plea Agreement, he waived his right to challenge his conviction or sentence in a post-conviction proceeding. The Sixth Circuit has found that a valid collateral-appeal waiver bars a motion under § 2255. *See Skaggs v. United States*, 104 Fed. Appx. 462, 464 (6th Cir. 2004).

Pursuant to the Rule 11 Plea Agreement that both parties signed, Petitioner knowingly and voluntarily waived the right to collaterally attack his conviction and sentence in a post-conviction proceeding. During Petitioner's plea hearing, the Court explained to Petitioner that by accepting the Rule 11 Plea Agreement, Petitioner would be giving up his right to appeal. Petitioner acknowledged that he understood he was giving up his right to appeal and that he had no questions regarding that waiver. (Doc. No. 174: Guilty Plea 12/4/09 TR. at 23-24).

In *Skaggs*, the court enforced the waiver of appeal because "nothing in the record reveals any ambiguity regarding the parties' intentions or understandings of the waiver provisions." *Skaggs* 104 Fed. Appx. at 464. Similarly, here, there is no indication that there was any

ambiguity regarding Petitioner's intention or understanding of the waiver provisions. Like *Skaggs*, Petitioner cannot appeal his conviction and sentence because it is clear that Petitioner understood that he was waiving his right to appeal when he accepted the Rule 11 Plea Agreement.

Because Petitioner has failed to demonstrate that his mental illness prevented him from conforming his acts with the law, and because Petitioner waived his right to appeal by accepting a Rule 11 Plea Agreement, Petitioner has failed to establish his innocence and cannot now collaterally attack his conviction and sentence.

## III. Petitioner Has Failed to Establish a Valid Ineffective Assistance of Counsel Claim

Petitioner has failed to establish a valid ineffective assistance of counsel claim because the record indicates that Petitioner's counsel performed adequately and his counsel's performance did not prejudice Petitioner. In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that his counsel's performance was constitutionally deficient and that this deficiency prejudiced the petitioner. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Petitioner asserts that he received ineffective assistance of counsel because: 1) Petitioner's counsel knew about his mental illness; 2) Petitioner's counsel failed to assert the defense of not guilty by reason of insanity; 3) Petitioner's counsel failed to thoroughly examine the strengths and weaknesses of the Prosecution's case; 4) Petitioner entered into a "blind" plea agreement; 5) Petitioner signed an expired plea agreement; 6) Petitioner's counsel failed to file the appropriate motions for mitigating factors of mental illness during sentencing; 7) Petitioner was unsatisfied with his counsel's performance.

Petitioner's claims are unfounded. The transcript of Petitioner's sentencing hearing clearly shows that Petitioner's counsel raised his client's wish to have the Court consider Petitioner's mental illness as a mitigating factor in sentencing. Petitioner's counsel, Mr. Korn, stated, "I would ask the court to impose a sentence which would – of two years, with five years supervised release, that [Petitioner] attend, on a regular basis, mental health treatment for his – what is now characterized as Bi-polar disorder." (Doc. No. 192: Sentencing Hearing 7/30/10 TR. at 11-12). Thus, Mr. Korn advocated for a sentence reduction for Petitioner based on Petitioner's mental illness.

Petitioner's Rule 11 Plea Agreement provided that there were no guideline disputes between the parties. (Doc. No. 174: Guilty Plea 12/4/09 TR. at 25-26). Page 11 of the Rule 11 Plea Agreement also includes the following affirmation:

> By signing below, defendant acknowledges having read (or been read) this entire document, understanding it, and agreeing to its terms. Defendant also acknowledges being satisfied with defense attorney's advice and representation. Defendant acknowledges having had a full and complete opportunity to confer with counsel, and that all of defendant's questions have been answered by counsel.

(Doc. No. 145: Plea Agreement at 11).

Immediately below this affirmation appears the signatures of both Petitioner and his attorney. (*Id.*).

Further, paragraph 6 of the Rule 11 Plea Agreement includes an express appeal waiver, which states as follows:

> Defendant waives his/her right to appeal his conviction and may only appeal or otherwise challenge any part of his sentence to which he/she has not stipulated in this plea agreement and attached worksheets. The government agrees not to appeal any sentence within the guidelines range it has recommended in this agreement

> Defendant understands that defendants generally have the right to attack their convictions and sentences by filing post-conviction motions, petitions, or independent civil actions. As part of this agreement, however, defendant knowingly and voluntarily waives that right and agrees not to contest his/her conviction or sentence in any post-conviction proceeding, including–but not limited to–any proceeding under 28 U.S.C. § 2255.

(*Id.* at 8-9).

This waiver provision was patterned after, and similar to that approved and upheld by the Sixth Circuit in *Davila v. United States*, 258 F.3d 448 (6th Cir. 2001).

At his plea hearing, Petitioner was placed under oath and acknowledged that he had reviewed all the provisions of the Rule 11 Plea Agreement with his attorney, and that he was satisfied with his attorney's advice and representation. (Doc. No. 174: Guilty Plea 12/4/09 TR. at 15). Petitioner again testified that there was nothing within the plea agreement that he did not understand. Petitioner also confirmed that he had discussed with his attorney how the sentencing guidelines might apply to his case. (*Id.* at 13-15). At the plea hearing, the Court read the waiver of appeal and post-conviction rights language, and Petitioner acknowledged that he understood the provisions. After finding a factual basis in support of the plea, the Court then accepted the Rule 11 Plea Agreement.

Petitioner's allegations of ineffective assistance of counsel and claims of mental incompetency are inconsistent with his sworn statements during the guilty plea and sentencing hearings, as well as the counsel's affirmation and the court's finding of competency. Petitioner is simply attempting to circumvent the appeal waiver and challenge his conviction by "dressing up" his claims as one of ineffective assistance of counsel. The Sixth Circuit has noted that a defendant "will not be permitted by artful pleading to evade the plain language in her plea

agreement" waiving the right to appeal. *United States v. Coker*, 514 F.3d 562, 568 (6th Cir. 2007).

Because the Court finds Petitioner was competent to enter into his plea agreement, Petitioner's counsel's conduct, even if deficient, which it was not, did not prejudice Petitioner. Accordingly, Petitioner has failed to establish a valid ineffective assistance of counsel claim.

## CONCLUSION

For the reasons stated above, **IT IS ORDERED** that Petitioner's Motion to Vacate Sentence (Doc. No. 200) is **DENIED**.

**IT IS FURTHER ORDERED** that the Government's motion to dismiss Petitioner's motion (Doc. No. 220) is **GRANTED**.

**IT IS SO ORDERED**.


Dated: August 1, 2012                s/ Sean F. Cox
                                     Sean F. Cox
                                     U. S. District Court Judge


I hereby certify that on August 1, 2012, the foregoing document was served upon counsel of record by electronic means and upon Donald Dover by First Class Mail at the address below:

Donald Dover # 08776-040
Terre Haute Federal Correctional Institution
Inmate Mail/Parcels
P.O. Box 33
Terre Haute, IN 47808

Dated: August 1, 2012                s/ Jennifer Hernandez
                                     Case Manager